IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORGAN STANLEY SMITH BARNEY LLC, | * | |
| Plaintiff, | * | Civil Action No. GLR-24-3042 |
| v. | * | |
| CYNTHIA CARTER-MCREYNOLDS, et al., | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Morgan Stanley Smith Barney LLC's ("Morgan Stanley") Renewed Motion for Entry of Default, Default Judgment, and for Interpleader Relief (ECF No. 34). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will grant the Motion in part and deny it in part.

## I. BACKGROUND

### A. Factual Background[1]

This is an interpleader action in which Morgan Stanley seeks a determination from the Court regarding the rightful owner(s) of four Transfer on Death ("TOD") Accounts owned by decedent Helen C. Crockett. (Compl. ¶ 1, ECF No. 1). As of September 30, 2024,

[1] In considering a motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir. 2001).

the Accounts,[2] comprised primarily of equities and cash, were valued at $819,671. (Id. ¶ 11).

Morgan Stanley is a company organized and existing under the laws of the State of Delaware, with its principal place of business in New York City, New York. (Id. ¶ 2). Defendant Cynthia Carter-McReynolds is a citizen and resident of Maryland. (Id. ¶ 3). Defendant Anthony Carter is a citizen and resident of California. (Id. ¶ 4). Defendants Emerald Best ("E. Best") and Comer Best ("C. Best") are citizens and residents of Georgia. (Mot. Entry Default, Default J., & Interpleader ["Mot."] at 4, ECF No. 34).[3] Defendant Kevin McReynolds is a citizen and resident of Nevada. (Id.). None of the Defendants are minors or currently on active-duty military service. (Goodhue Decl. ¶¶ 4–7, ECF No. 34-2).

On or about January 11, 2021, Morgan Stanley received two conflicting TOD Beneficiary Forms pertaining to the Accounts, both of which were executed by Crockett on January 9, 2021. (Compl. ¶¶ 12–13). One form, which the Court will refer to as the "Grandchildren TOD Beneficiary Form," designates Crockett's grandchildren, McReynolds, C. Best, and E. Best, as the sole beneficiaries.[4] (Id. ¶ 14). This form contains crossed-out Account numbers ending in 1209 and 1255, with handwritten initials "HCC."

[2] Crockett was the sole account owner of four Morgan Stanley Accounts ending in 0841, 1209, 8183, and 1255 (collectively, the "Accounts" or "Funds"). (Compl. ¶ 10, ECF No. 1).

[3] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[4] Specifically, the Grandchildren TOD Beneficiary Form designates that the funds be distributed as follows: McReynolds (34%), C. Best (33%), and E. Best (33%). (Compl. ¶ 14).

(Id.). The other form, which the Court will refer to as the "Children TOD Beneficiary Form," designates Crockett's children, Carter-McReynolds and Carter, as the sole beneficiaries in equal shares. (Id. ¶ 15). Notably, the Account ending in 8183 is crossed out, accompanied by handwritten initials "HCC" and "grandkid." (Id.; see Child. TOD Beneficiary Form at 2, ECF No. 1-3). Morgan Stanley is unable to ascertain which form supersedes the other. (Compl. ¶ 13).

In Crockett's final years, her daughter, Carter-McReynolds, was granted Power of Attorney, and after her passing on October 20, 2023, Carter-McReynolds served as Executor and Administrator of Crockett's Estate. (Id. ¶ 17).

On May 30, 2024, Morgan Stanley notified Defendants that, due to conflicting TOD Beneficiary Forms, it was unable to determine how the Account should be distributed. (Id. ¶ 19). Two months later, on or about June 25, 2024, Carter-McReynolds sent Morgan Stanley a letter requesting a copy of its Errors and Omissions Policy, stating it was "in an effort to avoid further negligence." (Id. ¶ 20). Morgan Stanley alleges it has provided Defendants a reasonable opportunity to resolve their competing claims without court intervention, but no such resolution has occurred. (Id. ¶ 21).

### B. Procedural History

On October 18, 2024, Morgan Stanley initiated this interpleader action concerning the Accounts at issue. (ECF No. 1). Morgan Stanley asks this Court to: (1) enjoin Defendants from instituting any proceeding against Morgan Stanley in any state or United States Court or administrative tribunal as to the Accounts at issue; (2) require Defendants to assert their claims to the Accounts; (2) determine and declare Defendants' rights to the

Accounts; (3) discharge Morgan Stanley of and from any and all further liability concerning the Accounts; and (4) award Morgan Stanley its costs and attorneys' fees, as well as any other further relief this Court deems just and equitable. (Compl. at 5–6).

Carter filed a letter with the Court on April 7, 2025, asserting, among other things, that Crockett lacked the capacity to make the January 11, 2021 Account updates due to her Alzheimer's disease. (Apr. 7, 2025 Letter at 1, ECF No. 17). On May 15, 2025, the Clerk of the Court entered default against Defendants Carter-McReynolds, E. Best, C. Best, and McReynolds, for failure to timely respond to the Complaint. (ECF Nos. 19–26). On May 30, 2025, Morgan Stanley filed a Motion for Default Judgment and Interpleader Relief as to the non-responsive Defendants. (ECF No. 29). On June 2, 2025, E. Best filed a Motion to Vacate Clerk's Entry of Default (ECF No. 30), which the Court granted on September 15, 2025, directing that E. Best respond to the Complaint within twenty-eight days, (Sep. 15, 2025 Order at 4, ECF No. 31). E. Best failed to do so, and on November 3, 2025, the Court ordered Morgan Stanley to file a renewed motion for entry of default and motion for default judgment. (Nov. 3, 2025 Order at 2, ECF No. 32).

On November 17, 2025, Morgan Stanley filed the instant Renewed Motion for Entry of Default, Default Judgment, and Interpleader Relief (ECF No. 34) and E. Best filed a Second Motion to Vacate Entry of Default and Request for Extension of Time to Respond to Complaint (ECF No. 33). The Court denied Morgan Stanley's prior Motion for Default Judgment and Interpleader Relief (ECF No. 29) as moot on November 18, 2025. (ECF No. 35). C. Best filed a Motion to Vacate Entry of Default on November 20, 2025. (ECF No. 36). On December 19, 2025, Carter-McReynolds filed a Reply to Morgan Stanley's

Renewed Motion for Default and Interpleader, in which she did not oppose Morgan Stanley's request for interpleader relief. (See Reply Pl.'s Renewed Mot. Entry Default, Default J., and Interpleader at 1, ECF No. 37).

The Court granted the Motions to Vacate on December 23, 2025, directing E. Best and C. Best to file a response no later than January 30, 2026. (Dec. 23, 2025 Order at 4, ECF No. 38). On January 29, 2026, Defendants E. Best and C. Best filed an Answer to the Complaint (ECF No. 39) and Motion to Preclude Assessment of Attorney's Fees (ECF No. 40). Morgan Stanley filed an Opposition to the Motion to Preclude Assessment on February 12, 2026 (ECF No. 43), and on February 26, 2026, E. Best and C. Best filed their Reply (ECF No. 46). That same day, E. Best and C. Best also filed a Motion for Leave to File Amended Answer (ECF No. 47). Morgan Stanley opposed this Motion on March 12, 2026 (ECF No. 50), and Defendants filed their Reply on March 18, 2026 (ECF No. 53). To date, McReynolds has not answered or otherwise responded to this action.

## II. DISCUSSION

In its Renewed Motion, Morgan Stanley seeks interpleader relief against all Defendants, an entry of default judgment, and attorney's fees and costs. (Mot. at 6–12). The Court will address each request in turn.

### A. Interpleader Relief

#### 1. Standard of Review

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F.App'x 767, 769 (4th Cir. 2002). Such action is

designed "to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Id.

An interpleader action proceeds in two stages. 7 Wright & Miller's Federal Practice & Procedure § 1714 (3d ed. 2001); see Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co., 672 F.Supp.2d 714, 717 (D.Md. 2009). In the first stage, the Court determines "whether the stakeholder has properly invoked interpleader."Wells Fargo Bank, N.A. v. Eastham, No. CV DKC 16-0386, 2016 WL 2625281, at *2 (D.Md. May 9, 2016) (citing United States v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)). Courts generally find interpleader to be an appropriate mechanism when the stakeholder "'legitimately fears' multiple litigation over a single fund." Id. If interpleader is proper, the Court may direct the contested funds and interest to be deposited with the Clerk, "dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder" regarding the same. Id.

During the second stage, the court will issue a scheduling order, and the case will continue between the claimants to determine their respective rights. Id. (citing Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999)). This stage requires the claimants to engage in the normal litigation process, which may include pleadings, discovery, motions, and trial. Id. (citing High Tech., 497 F.3d at 641).

**2. Analysis**

The Court finds that Morgan Stanley has satisfied the first stage requirements for invoking interpleader. At this stage, courts consider whether: (1) they have "jurisdiction

over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the funds; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." Eastham, 2016 WL 2625281, at *2.

Turning first to jurisdiction, a party may institute an interpleader action under either Federal Rule of Civil Procedure 22 ("rule interpleader") or 28 U.S.C. § 1335 ("statutory interpleader"). Although both rule and statutory interpleader permit a plaintiff to join multiple claimants to a property, they have distinct "jurisdictional requirements." Allstate Life Ins. Co. v. Ellett, No. 2:14cv372, 2015 WL 500171, at *2 (E.D.Va. Feb. 4, 2015). Rule interpleader requires either federal question or complete diversity jurisdiction under 28 U.S.C. § 1332. AmGuard Ins. Co. v. SG Patel & Sons II LLC, 999 F.3d 238, 245 (4th Cir. 2021). Statutory interpleader, on the other hand, "requires (1) minimal diversity between '[t]wo or more adverse claimants,' (2) a value of $500 or more in controversy, and (3) a deposit in court by the plaintiff of the amount in dispute or a bond." Id. (emphasis and alteration in original) (quoting 28 U.S.C. § 1335(a)).

Here, there is no dispute that the Court has jurisdiction over this interpleader action under both rule and statutory interpleader. Morgan Stanley is a citizen of New York, and Defendants are citizens of Maryland, California, Georgia, and Nevada; thus, there is complete diversity. (Mot. at 4); Nw. Mut. Life Ins. Co. v. Moore, 511 F.Supp.3d 723, 732 (E.D.Va. 2021) (noting that, under Rule 22, complete diversity is satisfied when each stakeholder is diverse from each claimant); Aetna Life Ins. Co. v. Layton, 836 F.Supp. 355, 356–57 (S.D.W.Va. 1993) (quoting 28 U.S.C. § 1335(a)(1)) ("To establish jurisdiction under the [interpleader] statute, two or more of the adverse claimants to a contested fund

must be "of diverse citizenship . . . " [and] citizenship of plaintiff-stakeholder is irrelevant."). Further, the disputed funds arise from Accounts worth well over $75,000.00, which exceeds the monetary threshold requirements for both diversity jurisdiction under Rule 22 and statutory interpleader. (See Compl. at 2–3); AmGuard Ins. Co., 999 F.3d at 244–45. Finally, although Morgan Stanley has not deposited funds from the Accounts at issue into the Registry of the Court, "this is a jurisdictional defect that a stakeholder may easily cure and is therefore insufficient to defeat an otherwise appropriate statutory interpleader action." Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 425 F.Supp.2d 738, 742 (E.D.Va. 2006). As such, the Court finds that jurisdiction over this interpleader action exists under both Rule 22 and 28 U.S.C. § 1335.

As to the requirement that there be a single fund at issue, Morgan Stanley explains that although the four Accounts "bear distinct account numbers, they are intrinsically linked as components of a single, unified portfolio belonging to the deceased Helen C. Crockett." (Mot. at 9). This argument, which Defendants do not oppose, is meritorious. See, e.g., Bank of Am., N.A. v. Mayone Grill LLC, No. JKB-22-2716, 2024 WL 84828, at *2 (D.Md. Jan. 8, 2024) (finding that disputed funds in four Bank of America accounts constituted a single fund). Thus, the Court finds the single fund requirement satisfied.

Next, the Court finds that there are adverse claimants to the funds at issue. Defendants E. Best and C. Best dispute the alleged handwritten modifications on Crockett's TOD forms as not properly verified (Answer at 2, ECF No. 39); whereas, Defendant Carter-McReynolds urges this Court to view the modifications as prima facie evidence of the decedent's intent to change her beneficiary distributions (Carter-

McReynolds Reply ¶¶ 3, 8, ECF No. 37 ("Defendant Carter-McReynolds acknowledges that the party Defendants have not been able to resolve their competing claims.")). As a result, the Court finds that Morgan Stanley is threatened with multiple liability. See Fed.R.Civ.P. 22 ("Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.").

Finally, the Parties have not presented any equitable concerns that would prevent the use of interpleader. Accordingly, the Court finds that the requirements for an interpleader action have been met.

After making such a finding, courts generally require the stakeholder to deposit the disputed funds into the Court's Registry. See, e.g., Wells Fargo Bank, N.A. v. Wanki, No. GJH-19-871, 2019 WL 6684134, at *4 (D.Md. Dec. 6, 2019). Here, however, Morgan Stanley requests that the Accounts be maintained "as is," without liquidating the Accounts nor depositing the proceeds into the Court's Registry, due to tax withholding concerns. (Mot. at 10–11). Morgan Stanley asserts that the Accounts will be "under the jurisdiction of the Court as if they had been delivered under 28 U.S.C. § 1335(a)(2) and will remain restricted pending further order from the Court regarding disbursement." (Id. at 11). To be sure, a deposit is not required under Rule 22, see Pitts v. Metro. Life Ins. Co., No. 3:23CV141, 2024 WL 3974239, at *5 (E.D.Va. Aug. 28, 2024); however, because Morgan Stanley disclaims any interest in said funds, seeks to be discharged from any further liability, and asks this Court to enjoin Defendants from "instituting or prosecuting . . .any proceeding" concerning the disputed Accounts (Mot. at 11–12), the Court construes Morgan Stanley's request as falling under statutory interpleader and will, therefore, direct

Morgan Stanley to deposit funds from the Accounts, plus interest that has accrued since October 18, 2024, with the Registry of the Court. See Fid. & Guar. Life Ins. Co. v. Harrod, No. CCB-5-2732, 2007 WL 2847966, at *3 (D.Md. Sept. 27, 2007) (explaining that the federal interpleader statute, which requires a deposit with the court, allows the court "to enjoin proceedings outside the interpleader action, when those proceedings concern the interpleaded funds."); Hartford Life & Accident Ins. Co. v. Massengale, No. 3:22CV596, 2023 WL 7273737, at *4 (E.D.Va. Sept. 19, 2023) (finding that under Rule 22 interpleader plaintiff must satisfy the permanent injunction standard before court can grant plaintiff's request for injunctive relief).

Once Morgan Stanley has deposited said funds into the Court's Registry, Morgan Stanley will be discharged from further liability regarding the Accounts and funds at issue and will be dismissed from this action. See Eastham, 2016 WL 2625281, at *4. Defendants will be enjoined from initiating further legal proceedings against Morgan Stanley concerning this matter. Id. The Clerk will be directed to realign the docket in this case to reflect E. Best and C. Best as Plaintiffs and Carter-McReynolds, McReynolds and Carter as Defendants, and the Parties may assert their entitlement to the funds in the second stage of the interpleader action. Wanki, 2019 WL 6684134, at *3. Any motions addressing claims to the Accounts must be filed within thirty days. Id. at *4.

**B. Entry of Default and Default Judgement**

Morgan Stanley also moves for default judgment against Defendants E. Best, Carter-McReynolds, C. Best, and McReynolds. (Mot. at 7). Such a motion, however, cannot be resolved in the present posture. Eastham, 2016 WL 2625281, at *5; Prudential

Ins. Co. of Am. v. White, No. 1:16-CV-1094, 2017 WL 2834459, at *3 (M.D.Pa. June 29, 2017) (explaining that default judgment is relief "more appropriately sought in the second stage" of the interpleader proceeding, "where the Court will determine the rights of the claimants" to funds). As such, the Court will deny that portion of Morgan Stanley's Motion without prejudice to any Party's ability to pursue a similar motion during the second stage of this proceeding. See White, 2017 WL 2834459, at *3.[5]

**C. Attorneys' Fees and Costs**

Finally, Morgan Stanley seeks $21,003.50 in attorneys' fees and costs. (Mot. at 11). "[I]t is within the discretion of the court to award the [interpleader] costs including a reasonable attorneys' fee out of the deposited fund." Eastham, 2016 WL 2625281, at *4 (alterations in original) (quoting Coppage v. Ins. Co. of N. Am., 263 F.Supp. 98, 100 (D.Md. 1967)). The rationale is that "[b]ecause the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,'" granting attorneys' fees to the stakeholder is often justified. Stonebridge Life Ins. Co. v. Kissinger, 89 F.Supp.3d 622, 627 (D.N.J. 2015) (quoting Banner Life Ins. Co. v. Lukacin, No. 13-CV-6589 (CCC), 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014)). Attorneys' fees and costs are, however, appropriate only when the interpleader plaintiff acts "as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc., No. PX-15-2953, 2017 WL 319521, at *1 (D.Md.

[5] For this same reason, the pending Motion for Leave to File Amended Answer (ECF No. 47) will also be denied without prejudice.

Jan. 23, 2017) (citing 7 Wright & Miller's Federal Practice and Procedure § 1719 (3d ed. 2001)).

In general, a stakeholder's ability to recoup attorneys' fees and costs is limited because the interpleader process "does not usually involve any great amount of skill, labor or responsibility." Jericho, 2017 WL 319521, at *2 (quoting Lewis v. Atl. Research Corp., No. CIV.A 98-0070-H, 1999 WL 701383, at *7 (W.D.Va. Aug. 30, 1999)). An award of attorneys' fees should, therefore, be "properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." Id. (citing ReliaStar Life Ins. Co. of N.Y. v. Lemon, No. 7:05CV00545, 2006 WL 1133566, at *2 (W.D.Va Apr. 25, 2006) and 7 Wright & Miller's Federal Practice and Procedure § 1719 (3d ed. 2001)).

Here, Morgan Stanley asserts that it has undertaken significant efforts to communicate with Defendants beyond what is necessary for a typical interpleader. (Mot. at 11). Specifically, Morgan Stanley contends that Defendants' "unusual failure to communicate, Defendant C. Carter-McReynold's refusal to accept service of the complaint, and Defendant Anthony Carter's persistent engagement with Morgan Stanley's counsel," account for the amount requested. (Id. at 11–12). The Court agrees that Morgan Stanley is entitled to reasonable attorneys' fees and costs for its role as interpleader, however, it is unable to determine which portion of the requested $21,003.50 is attributed to attorneys' fees and which is associated with costs Morgan Stanley incurred as interpleader. Morgan Stanley will therefore be given leave to supplement its Motion for Attorneys' Fees with documentation that identifies the attorneys' fees separately from

the costs. See O'Brien v. Rogovin Moving & Storage Co. Inc., No. 3:04CV1150 (WWE), 2008 WL 4480209, at *22 (D.Conn. Sep. 30, 2008) (requesting plaintiff break out the attorneys' fees separately from the costs).

E. Best and C. Best's ("Best Defendants") Motion to Preclude Assessment of Attorney's Fees (ECF No. 40), which the Court construes as an opposition to Morgan Stanley's Motion, does not disturb this result. Best Defendants oppose Morgan Stanley's request for attorneys' fees primarily on the grounds that Morgan Stanley contributed to and aggravated the controversy by proceeding to litigation. (Mot. Preclude Assessment Attys' Fees at 1, ECF No. 40). The record reflects the opposite. On June 7, 2024 and June 14, 2024, Best Defendants participated in a conference call with Morgan Stanley, during which they voiced their disagreement with the handwritten modifications to the beneficiary forms. (E. Best Decl. ¶¶ 5–8, ECF No. 40-6). Morgan Stanley informed Best Defendants that the matter would need to proceed to litigation given the conflict between Defendants' understanding and the forms themselves. (See id. ¶ 10; Opp'n Mot. Preclude Assessment Attys' Fees at 4–5, ECF No. 43). Because the Court agrees with Morgan Stanley that "the competing claims arising from conflicting beneficiary designation forms" necessitated this interpleader action, (id. at 4), the Motion to Preclude Assessment of Attorney's Fees will, therefore, be denied.

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Morgan Stanley's Renewed Motion for Entry of Default, Default Judgment, and for Interpleader Relief (ECF No. 34). A separate Order follows.

Entered this 14th day of August, 2026.

/s/
George L. Russell, III
Chief United States District Judge